## HALL v. GERKEN.

(Supreme Court, Appellate Division, First Department. July 13, 1904.)

1. COUNTERCLAIM—BILL OF PARTICULARS.

    Where, in an action for rent, defendant pleaded eviction, and a counterclaim for loss of profits by reason of certain wrongful acts alleged to have been committed by plaintiff, an order requiring a bill of particulars, stating at what dates and to what amounts on those dates, respectively, were

the profits reduced, the names of the customers defendant lost by reason of plaintiff's alleged acts, and in what particulars the value of the term of the lease was reduced and depreciated by such acts within certain specified dates, was too broad, and should be modified so as only to require defendant to state between what dates he suffered loss of profits by reason of plaintiff's acts, and the aggregate amount thereof.

Appeal from Special Term, New York County.

Action by Charles W. Hall against Frederick Gerken. From an' order granting a bill of particulars, defendant appeals. Modified.

The action is to recover rent of certain premises in New York City, to which defendant filed an answer alleging an eviction, and setting up a counterclaim to recover damages by way of profits lost by certain alleged unlawful acts committed by plaintiff. An order was granted requiring defendant to file a bill of particulars in support of such counterclaim, showing, first, at what dates, and to what amounts on those dates, respectively, were the profits of the defendant in his business reduced by the acts of the plaintiff; second, what are the names of the customers, if any, who were lost to defendant by reason of plaintiff's alleged acts; and, third, in what particulars was the value of the term of the lease between certain dates depreciated or reduced, as alleged, by such acts.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, PATTERSON, and O'BRIEN, JJ.

William G. McCrea, for appellant.
Lemuel Skidmore, for respondent.

PER CURIAM. The order in this case is too broad, and requires particulars to be stated with which the defendant evidently cannot make compliance. The order should be modified by requiring the defendant to state between what dates he suffered loss of profits by reason of the plaintiff's acts, and the aggregate amount thereof; and, as so modified, the order should be affirmed, without costs to either party in this court.